UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KELINNE O. o/b/o K.P.Q.,

                        Plaintiff,

v.                                                                           5:23-CV-00812
                                                                                  (BKS/ML)

COMMISSIONER OF SOCIAL SECURITY,

                        Defendant.
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| LAW OFFICES OF KENNETH HILLER<br> *Attorneys for Plaintiff*<br>6000 North Bailey Avenue<br>Suite 1A<br>Amherst, New York 14226 | JUSTIN M. GOLDSTEIN, ESQ.<br>KENNETH R. HILLER, ESQ. |
| U.S. SOCIAL SECURITY ADMIN.<br> *Counsel for Defendant*<br>6401 Security Boulevard<br>Baltimore, Maryland 21235 | FERGUS J. KAISER, ESQ. |

**MIROSLAV LOVRIC**, United States Magistrate Judge

# REPORT-RECOMMENDATION

      Kelinne O., the mother of minor Plaintiff K.P.Q. ("Plaintiff"), brings this action on her daughter's behalf pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying her application for Supplemental Security Income ("SSI"). (Dkt. No. 1.)  This matter was referred to me for Report and Recommendation by the Honorable Brenda K. Sannes, Chief United States District Court Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). (Dkt. No. 5.)  This case has

proceeded in accordance with General Order 18. Currently before this Court are Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 9, 13, 14.) For the reasons set forth below, this Court recommends that the District Court deny Plaintiff's motion for judgment on the pleadings, grant Defendant's motion for judgment on the pleadings, affirm the Commissioner's decision, and dismiss Plaintiff's Complaint.

## I.    PROCEDURAL HISTORY

Plaintiff's mother protectively filed an SSI application on minor Plaintiff K.P.Q.'s behalf on December 2, 2020, alleging disability dating from November 5, 2020. (Administrative Transcript ("T.") 178-184.) This application was denied initially on April 7, 2021, and a request for reconsideration was denied on November 1, 2021. (T. 50-92.) Plaintiff's request for a hearing was granted. (T. 98-117.) On May 19, 2022, Plaintiff's mother testified during a telephonic hearing before Administrative Law Judge ("ALJ") Gretchen Greisler. (T. 33-49.) The ALJ issued an unfavorable decision on July 22, 2022. (T. 10-32.) The Appeals Council denied Plaintiff's request for review on May 8, 2023. (T. 1-6).

Plaintiff's mother commenced this proceeding on her daughter's behalf on July 6, 2023 to challenge the Commissioner's denial of disability benefits. (Dkt. No. 1.)

## II.    GENERALLY APPLICABLE LAW

### A.    Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *Featherly v. Astrue*, 793 F. Supp. 2d 627, 630 (W.D.N.Y. 2011) (citations omitted); *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Johnson v. Bowen*, 817 F.2d 983, 985

(2d Cir. 1987)).  A reviewing court may not affirm the ALJ's decision if it reasonably doubts whether the proper legal standards were applied, even if the decision appears to be supported by substantial evidence.  *Johnson*, 817 F.2d at 986.

A court's factual review of the Commissioner's final decision is limited to the determination of whether there is substantial evidence in the record to support the decision.  42 U.S.C. § 405(g) (2015); *Rivera v. Sullivan*, 923 F.2d 964, 967 (2d Cir. 1991).  To facilitate the court's review, an ALJ must set forth the crucial factors justifying his or her findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision.  *Roat v. Barnhart*, 717 F. Supp. 2d 241, 248 (N.D.N.Y. 2010); *see also Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984).  "Substantial evidence has been defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Williams ex rel. Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988) (citations omitted).  It must be "more than a mere scintilla" of evidence scattered throughout the administrative record. *Featherly*, 793 F. Supp. 2d at 630; *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).

"To determine on appeal whether an ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams*, 859 F.2d at 258 (citations omitted).  Where substantial evidence supports the ALJ's findings they must be sustained "even where substantial evidence may support the plaintiff's positions and despite that the court's independent analysis of the evidence may differ from the [ALJ's]." *Rosado*, 805 F. Supp. at 153.  In other words, a reviewing court cannot substitute its interpretation of the administrative record for that of the Commissioner if

3

the record contains substantial support for the ALJ's decision. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

### B.  Standard for Childhood Benefits

An individual under the age of eighteen is disabled, and thus eligible for SSI benefits, if he or she has a medically determinable physical or mental impairment which results in marked and severe functional limitations and which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i); *see Hudson v. Astrue*, No. 1:06-CV-1342 (LEK/VEB), 2009 WL 1212114, at *3-4 (N.D.N.Y. Apr. 30, 2009) (discussing the standard for children's disability benefits).

The agency has developed a three-step process to be employed in determining whether a child can meet the statutory definition of disability. 20 C.F.R. § 416.924; *Kittles v. Barnhart*, 245 F. Supp. 2d 479, 487-88 (E.D.N.Y. 2003); *Ramos v. Barnhart*, No. 02 Civ. 3127, 2003 WL 21032012, at *7 (S.D.N.Y. May 6, 2003). The first step of the test requires a determination of whether the child has engaged in substantial gainful activity. 20 C.F.R. § 416.924(b); *Kittles*, 245 F. Supp. 2d at 488. If so, then by statute and by regulation, the child is ineligible for SSI benefits. 42 U.S.C. § 1382c(a)(3) (C)(ii); 20 C.F.R. § 416.924(b).

If the child has not engaged in substantial gainful activity, the second step of the test requires examination of whether he or she suffers from one or more medically determinable impairments that, either alone or in combination, are properly regarded as "severe," in that they cause more than a minimal functional limitation. 20 C.F.R. § 416.924(c); *Kittles*, 245 F. Supp. 2d at 488; *Ramos*, 2003 WL 21032012, at *7. If the child is found to have a severe impairment, the Commissioner must then determine, at the third step, whether the impairment meets or equals a presumptively disabling condition identified in the listing of impairments set forth in 20 C.F.R.

Pt. 404, Subpt. P., App. 1. *Id*. Equivalence to a listing can be either medical or functional. 20 C.F.R. § 416.924(d); *Kittles*, 245 F. Supp. 2d at 488; *Ramos*, 2003 WL 21032012, at *7. If an impairment is found to meet, or qualify as medically or functionally equivalent to, a listed impairment, and the twelve-month durational requirement is satisfied, the claimant will be found to be disabled. 20 C.F.R. § 416.924(d)(1); *Ramos*, 2003 WL 21032012, at *8.

"Functional" equivalence must be examined only if it is determined that the claimant's impairment does not meet or medically equal the criteria for a listed impairment. Analysis of functionality involves considering how a claimant functions in six main areas referred to as "domains." 20 C.F.R. § 416.926a(b)(1); *Ramos*, 2003 WL 21032012, at *8. The domains are described as "broad areas of functioning intended to capture all of what a child can or cannot do." 20 C.F.R. § 416.926a(b)(1). Those domains include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1).

Functional equivalence is established by finding an "extreme" limitation, meaning "more than marked," in a single domain. 20 C.F.R. § 416.926a(a); *Ramos*, 2003 WL 21032012, at *8. An "extreme limitation" is an impairment which "interferes very seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i) (emphasis added). Alternatively, a finding of disability is warranted if a "marked" limitation is found in any two of the listed domains. 20 C.F.R. § 416.926a(a); *Ramos*, 2003 WL 21032012, at *8. A "marked limitation" exists when the impairment "interferes seriously with [the claimant's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). "A marked limitation may arise when several activities or functions are impaired, or even when

5

only one is impaired, as long as the degree of limitation is such as to interfere seriously with the ability to function (based upon age-appropriate expectations) independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 112.00(C).

### III.  FACTS

Plaintiff was eight years old on the SSI application date, and ten years old as of the date of the ALJ's decision. (T. 39, 178.) She lives with her mother and two younger siblings. (T. 452.) At the time of the ALJ's decision, Plaintiff had completed the fourth grade. (T. 39, 825.) Since enrolling in pre-kindergarten at age four, Plaintiff has consistently received special education assistance for reading and math along with speech therapy. (T. 38-39, 881-889.) Her 2021 individualized education plan indicated that she was behind her peers, reading at a first grade level and performing math at a third grade level. (T. 39, 882-883.) Plaintiff's mother testified that her daughter often became frustrated with school work, and her problems with expressive language made it difficult to communicate with adults and peers. (T. 43-46, 913.) Plaintiff took prescription medication for attention deficit hyperactivity disorder but her mother testified that the child still had difficulty focusing at both school and home. (T. 45-47, 654, 680.)

The record includes Plaintiff's educational and medical history. Rather than summarizing these records at the outset, I will refer to the pertinent records during my discussion of the parties' arguments.

### IV.  THE ALJ'S DECISION

After finding that Plaintiff is a school-age child who had not engaged in substantial gainful activity since the application date, the ALJ found that Plaintiff had the following severe impairments: "learning/intellectual disorder, speech and language impairment, asthma, and attention deficit hyperactivity disorder." (T. 14.) Next, the ALJ found that Plaintiff did not have

an impairment or combination of impairments that met or medically equaled a Listed Impairment. (T. 14-15.) As part of this assessment, the ALJ considered Listing 103.03 (asthma) and Listing 112.11 (neurodevelopmental disorders). (T. 15.)

The ALJ continued her analysis and found that Plaintiff did not have an impairment or combination of impairments that functionally equaled the severity of a Listed Impairment. (T. 15-26.) Based upon her review of the evidence regarding Plaintiff's functional limitations, the ALJ found that Plaintiff had a "marked" limitation in acquiring and using information, and "less than marked" limitations in her ability to attend and complete tasks; interact and relate with others; care for herself; and maintain her health and physical well-being. (T. 16-26.) She found that Plaintiff had no limitations in her ability to move about and manipulate objects. (T. 23-24.)

Because Plaintiff did not have a "marked" limitation in two or more of the functional domains and did not have an "extreme" limitation in any one domain, the ALJ found that Plaintiff was not disabled. (T. 26.)

## V.     ISSUES IN CONTENTION

Plaintiff's counsel argues that the ALJ erred in finding "less than marked limitations" when evaluating Plaintiff's ability to (1) attend and complete tasks and (2) interact and relate to others. Because the ALJ found a marked limitation in Plaintiff's ability to acquire and use information, a finding of marked limitations in either of these two domains would have required a finding of disability. The Commissioner contends that the ALJ's evaluation of the functional domains and the resulting disability determination were supported by substantial evidence.

For the reasons set forth below, this court recommends that Plaintiff's motion for judgment on the pleadings be denied, Defendant's motion for judgment on the pleadings be granted, and the Commissioner's determination be affirmed.

## VI.  THE ALJ'S FUNCTIONAL EQUIVALENCE ANALYSIS

### A.  Attending and Completing Tasks

The ALJ concluded that Plaintiff had less than a marked limitation in attending and completing tasks. (T. 22). This domain considers how well a child is able to focus and maintain attention, and how well she is able to begin, carry through, and finish activities, including the pace at which she performs activities and the ease of changing activities. See 20 C.F.R. 416.926a(h). "Attention" involves regulating levels of alertness and initiating and maintaining concentration, as well as the ability to filter out distractions and to remain focused on an activity or task at a consistent level of performance. 20 C.F.R. § 416.926a(h)(1). School-age children such as Plaintiff should be able to focus their attention on a variety of situations in order to follow directions, remember and organize school materials, and complete homework and classroom assignments. 20 C.F.R. § 416.926a(h)(iv). They should also be able to change activities or routines without distracting themselves or others, stay on task and in place when appropriate, sustain attention well enough to play group sports, read by themselves, complete chores, and complete transition work like getting ready to change tasks. *Id.*

In arguing that the ALJ should have found marked limitations in this domain, Plaintiff's counsel notes that her report card showed her only working toward state and school district academic standards, not meeting them, in all classes except for physical education, art, and music. (T. 830-831.) Plaintiff's counsel further contends that the ALJ made general reference to her concentration difficulties but did not sufficiently analyze the consultative examiner's opinion regarding deficits in this area.[1] (T. 13, 454.) Finally, Plaintiff's counsel contends that the ALJ

---

[1] Plaintiff's brief misidentifies the consultative examiner as a "Dr. Ippolito," but this Court presumes counsel intended to reference Dr. Todd Deneen, who performed a video

"cherry-picked" evidence from Plaintiff's medical records, teacher questionnaires, and special education evaluations that did not accurately reflect Plaintiff's limitations. (Dkt. No. 9 at 9-12.)

This court does not find any of these contentions to be persuasive. To begin with, the ALJ considered Plaintiff's report cards over several years and found some documented improvement in Plaintiff's academic performance, including recent behavioral observations that Plaintiff was meeting expectations in personal development and work habits and showed improvements in completing her work neatly. (T. 18, 832.) In addition, consultative examiner Dr. Deneen's opinion that Plaintiff had only moderate limitations in maintaining attention and concentration is consistent with the ALJ's finding of "less than marked" limitations in this domain. *See* 20 C.F.R. § 416.926a(e)(2)(i) ("Marked" limitations are "more than moderate" but less than extreme"); *see also Jolene H. o/b/o V.E.W. v. Comm'r of Soc. Sec.*, No. 1:20-CV-01498 (MJR), 2022 WL 884155, at *4 (W.D.N.Y. March 25, 2022) (finding consultative medical opinion that plaintiff had no more than moderate limitations to be consistent with ALJ's finding of "less than marked" limitations).

The ALJ's decision referenced Dr. Deneen's opinion, Plaintiff's special education plan and progress reports, as well as teacher questionnaires showing some "obvious" or "serious" problems with regard to attending and completing tasks. (T. 18, 21-22.) These questionnaires identify Plaintiff's need for occasional reminders to stay on task and her difficulties completing her work on time, but describe Plaintiff as hard-working, diligent, and eager to learn. (T. 18, 276, 286, 471, 828, 831-832.) The broader record cited by the ALJ illustrates Plaintiff's difficulties in attention and concentration, but Plaintiff's counsel has not shown that these difficulties

---

consultative psychiatric examination on February 7, 2021, and is referenced elsewhere in the brief. (T. 452-455.)

necessarily contradict the ALJ's finding of a less than marked limitation in attending and completing tasks.  *See Georgette G. o/b/o C.D.B.*, No. 21-CV-00331, 2023 WL 2457068, at *4 (W.D.N.Y. March 10, 2023) (finding that ALJ appropriately considered all the evidence of record before finding less than marked limitations in attending and completing tasks); *see also Singleton v. Comm'r of Soc. Sec.*, No. 5:15-CV-1523 (ATB), 2016 WL 6156000, at * (N.D.N.Y. Oct. 20, 2016) ("Plaintiff's assumption that several 'obvious problems' and one 'serious' problem should be the equivalent of a 'marked' limitation is not supported by the evidence in the record[.]").

### B.     Interacting and Relating to Others

The ALJ also found that Plaintiff had less than a marked limitation in interacting and relating with others. (T. 16, 22-23.)  This domain considers how well a child is able to initiate and sustain emotional connections with others, develop and use the language of the community, cooperate with others, comply with rules, respond to criticism, and respect and take care of the possessions of others. *See* 20 C.F.R. 416.926a(i).  Interacting means initiating and responding to exchanges with other people, for practical or social purposes. 20 C.F.R. § 416.926a(i)(1)(i). Relating to other people means forming intimate relationships with family members and with friends who are the child's age and sustaining them over time. 20 C.F.R. § 416.926a(i)(1)(ii).

In this domain, school age children such as Plaintiff should be able to develop more lasting friendships with children her own age; should begin to understand how to work in groups to create projects and solve problems; and should have an increasing ability to understand another's point of view and to tolerate differences. 20 C.F.R. § 416.926a(i)(2)(iv).  The child should be able to talk to people of all ages, to share ideas, tell stories, and to speak in a manner that both familiar and unfamiliar listeners readily understand. *Id*.

10

Echoing his earlier argument, Plaintiff's counsel contends that Plaintiff's report card shows that she was only working toward state and district academic standards, not meeting them, in relevant areas such as vocabulary and "telling a story . . . while speaking clearly at an understandable pace and volume appropriate for [the] audience." (T. 825.)  Plaintiff's counsel argues that these deficiencies, coupled with Plaintiff's long-standing need for speech therapy, rise to the level of  "marked limitations" in interacting and relating to others. (Dkt. No. 9 at 12-14.)

This narrow focus is unconvincing in light of the ALJ's analysis of the breadth of the record evidence related to Plaintiff's ability to interact and relate to others.  *See Georgette G. o/b/o C.D.B.*, 2023 WL 2457068, at *4 (finding that it was reasonable for ALJ to rely on the broader educational record to find less than marked limitations with regard to interacting and relating to others, despite single teacher questionnaire suggesting greater limitations); *Christina B. v. Comm'r of Soc. Sec.*, No. 5:19-CV-1192 (ATB), 2020 WL 5848732, at *8 (N.D.N.Y. Oct. 1, 2020) (affirming disability determination where it was clear that ALJ considered totality of plaintiff's educational records addressing social interaction).  In this case, the ALJ considered Plaintiff's report cards and testimonial evidence of behavioral issues that arose when Plaintiff had difficulty expressing herself alongside evidence that Plaintiff played with neighborhood children, was friendly with classmates and adults, and enjoyed participating in school activities despite some difficulties taking turns. (T. 23, 287, 473, 825, 830, 832, 963-964.)  Multiple teacher evaluations describe Plaintiff as "chatty" and a "pleasure" to have in class. (T. 828, 832, 836, 882, 934, 936, 985.)

The ALJ also considered speech therapy records from 2020 that show good "overall intelligibility," despite difficulty expressing her thoughts and a need for frequent refocusing and

redirection. (T. 304-307.)  This longitudinal analysis identified Plaintiff's difficulties in communicating and interacting with others but also provided substantial evidence to support the ALJ's finding of less than marked limitations.  *See Shawnta A. o/bo/ J.A. v. Comm'r of Soc. Sec.*, No. 6:20-CV-6500SR, 2021 WL 4225651, at *7 (W.D.N.Y. September 16, 2021) (finding substantial evidence supported less than marked limitations in interacting and relating to others where ALJ balanced reports that child was aggressive with peers and disrespectful to teachers against parent and teacher observations that Plaintiff played with friends and siblings, participated in team sports, and was an active participant in class); *Patrick B. o/b/o D.B. v. Saul*, No. 8:19-CV-0823 (LEK), 2020 WL 6287482, at *7 (N.D.N.Y. October 27, 2020) (holding ALJ's finding of less than marked limitations properly considered Plaintiff's reported tendency to "become inappropriate outside the classroom" and his "serious problems in following rules" against Plaintiff's ability to maintain friendships and participate in classroom.)  Thus, the ALJ appropriately acknowledged and evaluated the evidence demonstrating both Plaintiff's abilities and challenges in this domain.

Overall, the objections raised on Plaintiff's behalf amount to a disagreement with the ALJ's consideration of conflicting evidence in the record.  *See Kimball v. Comm'r of Soc. Sec.*, No. 6:14-CV-0698 (LEK/ATB), 2015 WL 4251163, at *9 (N.D.N.Y. July 13, 2015) (affirming Commissioner's decision where "[a]t best, plaintiff's complaint is premised upon a disagreement over how the ALJ resolved arguably conflicting evidence . . .").  "[U]nder the substantial evidence standard of review, [however,] it is not enough for [p]laintiff to merely disagree with the ALJ's weighing of the evidence or to argue that evidence in the record could support her position." *Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, *6 (N.D.N.Y. November 18, 2016), *rep't and rec. adopted*, 2016 WL 7238947 (N.D.N.Y.

December 13, 2016). Rather, a prevailing plaintiff must "show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record." *Id*. The ALJ's decision demonstrates that she weighed the record evidence applicable to each domain, including those suggestive of greater limitations, before reaching her determination. Thus, this Court recommends a finding that the ALJ's evaluation of the functional domains of attending and completing tasks and interacting and relating to others was supported by substantial evidence, and an affirmation of the overall disability determination.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Commissioner's decision be **AFFIRMED**, Defendant's motion for judgment on the pleadings (Dkt. No. 13) be **GRANTED**; Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) be **DENIED**; and Plaintiff's complaint (Dkt. No. 1) be **DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have 14 days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN 14 DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: April 16, 2024

*Miroslav Lovric*
Miroslav Lovric
U.S. Magistrate Judge

Binghamton, New York